| | |
|---|---|
| 1 | JOHN A. RUSSO, City Attorney, SBN 129729 |
|   | RANDOLPH W. HALL, Assistant City Attorney, SBN 080142 |
| 2 | JAMES F. HODGKINS, Supervising Trial Attorney, SBN 142561 |
|   | CHARLES E. VOSE, Deputy City Attorney, SBN 139700 |
| 3 | KANDIS A. WESTMORE, Deputy City Attorney, SBN 194594 |
|   | One Frank H. Ogawa Plaza, 6th Floor |
| 4 | Oakland, California 94612 |
|   | Telephone:     (510) 238-2961 |
| 5 | Facsimile:      (510) 238-6500 |
|   | Email: kawestmore@oaklandcityattorney.org |
| 6 | X03555:740386 |
| 7 | Attorneys for Defendants |
|   | OAKLAND POLICE DEPARTMENT and |
| 8 | CITY OF OAKLAND |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD BUDDY RINGGOLD III, | Case No. C10-02110 JSW |
| Plaintiff, | **DEFENDANTS OAKLAND POLICE DEPARTMENT AND CITY OF OAKLAND'S RE-NOTICE OF MOTION TO STRIKE AMENDED COMPLAINT FILED WITHOUT LEAVE OF COURT [FRCP(F)]** |
| v. | |
| TRISTAN WILLIAMS, OFFICER RANDALL BROWN, OFFICER DAVID HAZELWOOD, OAKLAND POLICE DEPARTMENT, CITY OF OAKLAND, and DOES 1 to 25, inclusive, | |
| Defendants. | Date:    March 4, 2011<br>Time:   9:00 a.m.<br>Place:  Courtroom 11, 19th Floor<br>The Honorable Jeffrey S. White |

# RE-NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE RE-NOTICE** that on **March 4, 2011 at 9:00 a.m**. or as soon as the matter may be heard in Courtroom 11 of the above-captioned Court, located at 450 Golden Gate Avenue, 19th floor, in San Francisco, California, Defendants Oakland Police Department and City of Oakland will and hereby moves the court for an order, pursuant to Federal Rule of Civil Procedure 12(f) striking what amounts to a Second Amended Complaint. The motion is made on the grounds that the Second Amended Complaint was improperly filed without leave of court and defies a previous order of this court. More specifically, the motion is made on the following grounds:

A. The "First Amended" complaint filed on 10/25/10 should be stricken pursuant to FRCP 12(f) in its entirety because it was filed without leave of court.

B. The SAC fails to comply with this court's prior order directing Plaintiff to file documents prepared by himself or his attorney.

C. The Court should strike the Seventeenth through twenty-third counts and forbid Plaintiff from including them in any subsequent version of the complaint as they are not recognized claims and are spurious on their face.

The motion is based on this notice and motion, the accompanying memorandum of points and authorities in support of the motion, the complete files of this case, and any evidence or argument the court may entertain at the hearing on this matter.

Dated: January 11, 2011

        JOHN A. RUSSO, City Attorney
        RANDOLPH W. HALL, Assistant City Attorney
        JAMES F. HODGKINS, Supervising Trial Attorney
        CHARLES E. VOSE, Senior Deputy City Attorney
        KANDIS WESTMORE, Deputy City Attorney

By   /S/ *Kandis A. Westmore*
      Attorneys for Defendants,
      OAKLAND POLICE DEPARTMENT
      CITY OF OAKLAND

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On May 17, 2010, pro se plaintiff Reginald Buddy Ringgold III, filed a Complaint in this court against the Oakland Police Department (OPD)[1] and the City of Oakland and an individual named Tristan Williams, who is not affiliated with either the OPD or the City. The Complaint alleged sixteen different "counts" which although unclear, seem to be the plaintiff's causes of action and eight "causes of action" which actually appear to be prayers for relief. (Doc. No. 1.) The complaint erroneously included federal claims directly under 42 U.S.C. § 1983 for arrest, detention and confinement, strip search, conspiracy, refusing or neglecting to prevent violations of law. Although unclear, the complaint appeared to allege violations of Plaintiff's right substantive due process and equal protection under the 5th and 14th Amendments to the U.S. Constitution. (Doc. No. 1 - Compl. at ¶¶ 49, 51, 53, 55.) Additionally, the complaint alleged state law claims of assault, battery, conspiracy, intentional and negligent infliction of emotional distress, general negligence, conversion and trespass to chattel, and violation of the California Civil Rights Act. (Doc. No. 1.)

The action appears to arise out of an altercation with defendant Tristan Williams (Plaintiff's fiancé's brother). The City of Oakland, Oakland Police Department, and several unnamed officers of the OPD, who plaintiff oddly alleged are employees of the County of Alameda were also named as defendants. The County of Alameda, however, was not named as a defendant in this action.

On July 28, 2010, the City Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) and Motion to strike pursuant to Rule 12(f). (Doc. No. 18.) On August 3, 2010 an Order setting the briefing schedule on the motion to dismiss and to strike was issued requiring responses by 8/18/10 and replies by 8/27/10; however, on September 17, 2010, the court issued an order denying the motion as moot because Plaintiff had filed a first amended

---

[1] The Oakland Police Department is a department of the City, not a separate legal entity subject to the suit.

DEFENDANTS OAKLAND POLICE                -1-                                C10-02110 JSW
DEPARTMENT'S & CITY OF OAKLAND'S
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO STRIKE

1  complaint ("FAC") on July 11, 2010.[2] (Doc. No. 26.) The Order was issued without prejudice to
2  the City filing another motion to dismiss to address the defects, if any, of Plaintiff's FAC. (*Id*.) The
3  FAC alleged the same 16 "counts" and added new defendant Officers Randall Brown and David
4  Hazelwood. Instead of eight "causes of action" there were only seven "causes of action" which
5  actually appeared to be prayers for relief. Oddly, still, the FAC alleged under "parties" that the
6  County of Alameda County was a defendant and the employer of Officers Brown and Hazelwood.
7  (Doc. No. 11.)

8      At the Case Management Conference on October 8, 2010, the court concluded that Plaintiff
9  had not perfected service on all defendants, and ordered Plaintiff to complete service by October
10 22, 2010. (Doc. No. 29.) Instead of perfecting service of the FAC on all defendants, however, on
11 October 25, 2010, Plaintiff filed an identically captioned pleading entitled "VERIFEIED
12 COMPLAINT FOR DAMAGES FIRST AMENDED …" (Doc. No. 31.) At first glance, it appeared
13 to be a duplicate of the FAC filed on July 2, 2010. But further review, reveals that the newly filed
14 amended complaint – which would correctly be called a Second Amended Complaint ("SAC") was
15 different from the FAC in that seven entirely new "counts" had been added to the previous sixteen.
16 (*Id*.) The SAC now asserts twenty-three counts and alleges that "Defendant has committed unlawful
17 acts, and is in violation of Human Rights, Indigenous Rights, U.S. Constitution Rights, and All
18 Treaties Rights." (*Id*. at 3:16-17.) It also asserts eight "causes of action" that appear to be prayers
19 for relief.

20     In addition, the latest amended complaint appears to add another Plaintiff by the name of
21 Rasool Abdul-Rahim: El, Sui Juris, (Proctor). Yet, there is no description of such an individual in
22 the "parties" section of the SAC. Then, the SAC ends with Plaintiff Ringgold's signature and
23 Rasool Abdul-Rahim's signature as "Vizir/Minister" "Proctor Authorized Representative" under
24 seemingly under UCC 1-308, 1-103x. It is possible that Rasool Abdul-Rahim is the same person as

25
26     [2] The court docket indicates that the FAC captioned "VERIFEIED COMPLAINT FOR DAMAGES FIRST AMENDED FALSE ARREST, …" was actually filed on July 2, 2010. (Doc. No. 11.)

1  Reginal Ringgold III, but it is impossible to tell based on the caption, signatures or allegations in
2  the SAC. This court has previously admonished Plaintiff that any filing by him or on his behalf
3  must be written and filed either by himself or by an attorney who makes a formal appearance in this
4  case, and that Rasool Abdul Rahim El who purports to be a "Minister: Natural Person – In Propria
5  Persona – Authorized Representative" is not an attorney and cannot represent Plaintiff in court. The
6  court also stated that any future filings by anyone other than Plaintiff or counsel whom he retains
7  will be stricken and will not be considered by the court. (Doc. No. 26.)
8        Plaintiff has not filed a motion for leave to file a SAC, nor has this court issued an order
9  granting Plaintiff leave to file a SAC. Therefore, the City Defendants move to strike the SAC as
10 improperly filed without leave of court.

11                     **II.    LEGAL ARGUMENT**

12 A.   **The "First Amended" complaint amounting to a Second Amended Complaint filed on 10/25/10 should be stricken pursuant to FRCP 12(f) in its entirety
13       because it was filed without leave of court.**

14       The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous
15 matter either on its own or on motion made by a party before responding to the pleading. FRCP
16 12(f). A motion to strike can be used to attack an entire pleading as well as to attack portions
17 thereof. See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds
18 in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). Except for amendments made "of
19 course" or pursuant to stipulation, leave of court is required to amend a pleading. FRCP 15(a)(2);
20 Shwarzer, Tashima and Wagstaffe, *Federal Civil Procedure Before Trial* 8:399. An amended
21 pleading filed without leave of court generally has no legal effect. *Federal Civil Procedure Before*
22 *Trial* 8:399 citing *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295-296 (5th
23 Cir. 2003). Also, Rule 12(f) specifically authorizes the court to strike a pleading or any portion
24 thereof on its own motion at any time. FRCP 12(f)(1); *Garrett v. Selby Connor Maddux & Janer*,
25 425 F.3d 836, 841 (10th Cir. 2005).
26       Instead of complying with this court's order to perfect service of the FAC on all defendants

by October 22, 2010, Plaintiff filed what amounts to a second amended complaint on October 25, 2010[3] without leave of court to do so. Therefore, the SAC has no legal effect and should be stricken in its entirety.

B. **The SAC fails to comply with this court's prior order directing Plaintiff to file documents prepared by himself or his attorney.**

The SAC should also be stricken in its entirety because it purports to be filed by Minister: Natural Person – In Propria Persona – Authorized Representative for Reginald Ringgold. This court has already admonished Plaintiff that such filings by a non-attorney or anyone other than Plaintiff will be stricken. The fact that this "authorized representative" is now listed as a Plaintiff but not particularly described as a party in the case makes the SAC all the more confusing and improper. As such, the SAC seemingly filed for Reginald Ringgold instead of by Reginald Ringgold should be stricken in its entirety.[4]

C. **The Court should strike the Seventeenth through twenty-third counts and forbid Plaintiff from including them in any subsequent version of the complaint as they are not recognized claims and are spurious on their face.**

In addition to being filed without leave of this court, Plaintiff's seventeenth through twenty-third "counts" are not recognized or cognizable claims, and are frivolous with the intent to harass, having no basis in the facts of this case, law or reality. As such, they are precisely the kind of redundant, impertinent and scandalous matter contemplated by Rule 12(f). Defendant is raising this issue now to prevent any further waste of time or judicial resources should Plaintiff decide to file a properly noticed motion for leave to amend to include these spurious claims.

---

[3] Defendants have not been properly served with the unauthorized SAC either. An unsigned Certificate of Service filed on 10/25/10 indicates that a FAC (which really should be SAC) was served by mail on the United States District Court by an Emily Williams. (Doc. No. 32.) Neither the City of Oakland nor the individual OPD Officers have been served with the FAC or SAC. And again, the OPD is not a separate entity subject to suit and service of process. It is a department of the City.

[4] It should also be noted that the SAC fails to comply with Civil Local Rule 3-4(a)(1) in that Plaintiff's name, telephone number, email address, and fax telephone number does not appear in the upper left hand corner; nor does it indicate the party represented by name as well as the party's status in the litigation. The SAC contains some version of Plaintiff's name as "Reginald Ringgold-El", contains no telephone number or his status in the case, i.e., Plaintiff, pro se.

1  The Seventeenth cause of action is entitled "Title 18 Section 1583: Enticement into
2  Slavery."
3  The Eighteenth cause of action is entitled "United States Code Section 112 Protections of
4  internationally protected persons."
5  The Nineteenth cause of action is entitled "Title 18 U.S.C. Chapter 50A s 1091(a)(4)
6  causing discomfort to a National/Indigenous."
7  The Twentieth cause of action is entitled "Title 18 Chapter 55 s 1201(4) kidnapping a
8  Aboriginal Minister [Abannaki Indigenous Nation]/National of the United States."
9  The Twenty-first cause of action is entitled "United States Code Title 18 Chapter 13 s242
10 using colorable state laws to deprive a Aboriginal Indigenous Minister."
11 The Twenty-second cause of action is entitled "United States Code Title 18 Chapter 55
12 s1202(a) kidnapping for ransom."
13 The Twenty-third cause of action is entitled "United States Code Title 18 section 241
14 conspiracy."
15 These newly added causes of action are unsupported by the factual allegations in the
16 complaint, completely absurd and spurious serving no purpose other than to multiply the
17 proceedings and harass in retaliation for his arrest for domestic violence on November 28, 2009
18 resulting in the Criminal Complaint against him in the Alameda County Superior Court Case No.
19 09375946. (SAC at 4:8, 14.) As such, they should be stricken without leave to amend, and
20 Defendant requests this court to instruct Plaintiff that if he persists with these or any further
21 frivolous and impertinent claims, he will be subject to Rule 11 sanctions.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

### III. CONCLUSION

For the reasons set forth above, the entire SAC filed without leave of court should be stricken. Also, if the court is so inclined, Defendants request an order striking the seven newly added frivolous and impertinent claims without leave to amend.

Dated: January 11, 2011

        JOHN A. RUSSO, City Attorney
        RANDOLPH W. HALL, Assistant City Attorney
        JAMES F. HODGKINS, Supervising Trial Attorney
        CHARLES E. VOSE, Senior Deputy City Attorney
        KANDIS A. WESTMORE, Deputy City Attorney

By  */S/ Kandis A. Westmore*
      Attorneys for Defendants,
      OAKLAND POLICE DEPARTMENT and
      CITY OF OAKLAND

**PROOF OF SERVICE**
**Reginald Buddy Ringgold III v. Tristan Williams, et al.**
**United States District Court Case No. C10-02110 JSW**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date below, I served the within document:

**DEFENDANTS OAKLAND POLICE DEPARTMENT AND CITY OF OAKLAND'S RE-NOTICE OF MOTION TO STRIKE AMENDED COMPLAINT FILED WITHOUT LEAVE OF COURT [FRCP(F)]; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as set forth below.

☐ by causing personal delivery by messenger of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent overnight by Federal Express/Express Mail.

**Reginald Buddy Ringgold, III**
**c/o 26 Faenza**
**Newport Coast, CA 92657**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 11, 2011, at Oakland, California.

/S/ Cynthia Andrada
Cynthia Andrada